United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60479
Summary Calendar

MANOOCHEHR PARAHAM,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of a Decision
of the Board of Immigration Appeals
BIA No. A27 923 365
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Iranian citizen Manoochehr Paraham petitions this court for
review of the removal order issued by the Immigration Judge
("IJ") and affirmed by the Board of Immigration Appeals ("BIA").
Paraham argues that the IJ erred by finding him noncredible
regarding his conversion to Catholicism; that he established a
well-founded fear of persecution sufficient to obtain asylum; and
that he established eligibility for relief by way of withholding
of removal and the Convention Against Torture.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The IJ's credibility determination was based on a reasonable interpretation of the evidence and was supported by substantial evidence. See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). Paraham's history of dishonesty with immigration authorities and his lack of knowledge about the Bible and the Catholic sacraments supported the IJ's determination that Paraham's claim of conversion to Catholicism was not credible. Additionally, the IJ's determination that Paraham did not show a well-founded fear of future persecution were he to return to Iran was supported by substantial evidence. See Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444-45 (5th Cir. 2001). For the same reasons Paraham failed to establish his asylum claim, he also failed to show entitlement to relief by way of withholding of removal, see Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002), or the Convention Against Torture. See id. at 906-07.

PETITION DENIED.